The Honorable Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

ALEXANDER FLOYD, individually and on behalf of all others similarly situated,

        Plaintiff,

   vs.

DOORDASH, INC., a foreign profit corporation doing business as DOORDASH; DOORDASH EXPRESS DELIVERY L.L.C., a Washington limited liability company; DOORDASH ESSENTIALS, LLC, a foreign limited liability company doing business as DASHMART; DOORDASH G&C, LLC, a foreign limited liability company; and DOES 1-20,

        Defendants.

Case No. 2:23-cv-01740-BJR

**DEFENDANTS DOORDASH, INC., DOORDASH ESSENTIALS, LLC, AND DOORDASH G&C, LLC'S COMBINED MOTION TO DISMISS PURSUANT TO FRCP RULE 12(b)(6) AND MOTION TO STRIKE PURSUANT TO FRCP RULE 12(f)**

Oral Argument Requested

I.    **INTRODUCTION**

Defendants DOORDASH, INC., DOORDASH ESSENTIALS, LLC, and DOORDASH G&C, LLC (collectively, "Defendants" or "DoorDash Defendants") respectfully submit this Combined Motion to Dismiss the Class Action Complaint ("Complaint") filed by Plaintiff

DEFENDANTS DOORDASH, INC., DOORDASH ESSENTIALS, LLC, and DOORDASH G&C, LLC's COMBINED MOTIONS TO DISMISS and STRIKE - 1
Case No. 2:23-cv-01740-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone:  206-693-7057 | Fax: 206-693-7058

Alexander Floyd ("Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6), and to Strike the Class Action Allegations in the Complaint, pursuant to Fed. R. Civ. P. 12(f).

Plaintiff claims that, on August 7, 2023, he applied for a job opening with Defendants. Dkt. 1-1, ¶ 18.  Plaintiff further claims that the job posting for the opening for which he applied did not include the wage scale or salary range, in violation of RCW 49.58.110's job posting requirements. *Id.* at ¶¶ 18, 31-34.  However, Plaintiff did not allege that his application was made in good faith and with the intent to gain employment. *See id.*  Therefore, Plaintiff's complaint is deficient on its face.  Moreover, Defendants' business records reflect that Plaintiff applied for a *different* position from the one that he attached to his Complaint, and that the job posting for the opening for which Plaintiff applied was fully compliant with applicable Washington law. *See* Declaration of Rachel Cronin ("Cronin Decl."), ¶ 3, Ex. 1, at 4 (listing applicable salary ranges for the position for which Plaintiff applied).  Thus, the Court should dismiss Plaintiff's First Cause of Action for failure to plausibly state a claim for relief.  In light of the job posting's compliance with RCW 49.58.110, the dismissal should be without leave to amend because amendment would be futile. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107-08 (9th Cir. 2003) (noting dismissal may be without leave where amendment would be futile).

The Court should likewise dismiss Plaintiff's Second and Third Causes of Action for injunctive and declaratory relief because there is no underlying substantive claim.

Finally, Plaintiff seeks to pursue his RCW 49.58.110 claim as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of all individuals who, since January 1, 2023, applied for a job opening with Defendants in Washington where the job posting did not include the wage scale or salary range for the position. Dkt. 1-1, ¶ 20.  Although Plaintiff failed to state a claim under RCW 49.58.110 for the reason described above, even if he had plausibly pleaded such a

DEFENDANTS DOORDASH, INC.,
DOORDASH ESSENTIALS, LLC, and
DOORDASH G&C, LLC's COMBINED
MOTIONS TO DISMISS AND STRIKE - 2
Case No. 2:23-cv-01740-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

claim, Plaintiff's class action allegations should be stricken.  That is because RCW 49.58.110 considers Plaintiff to be an applicant only for the specific job posting that he applied for, and thus, he cannot purport to be representative of applicants for every available job of Defendants. Accordingly, Plaintiff's class action allegations should be stricken, or in the very least, they should be limited to the position for which he applied.

## II.    RELEVANT BACKGROUND FACTS

### A.    The Complaint and Plaintiff's Application.

Plaintiff alleges that, on or about August 7, 2023, he submitted an online application for a position with Defendants in Washington.  Dkt. 1-1 at ¶ 18.  Plaintiff does not attach his job application to the Complaint; but instead, he attaches screenshots from LinkedIn of what he claims is the job posting for the position for which he applied.  *Id.* at Ex. 1.  Plaintiff alleges that the job posting did not disclose the wage scale or salary range, in violation of RCW 49.58.110.  *Id.* at ¶¶ 31-34.  Plaintiff claims that, as a result, he lost valuable time applying for the job and he was unable to evaluate, negotiate, or compare the pay for the position to other ones.  *Id.* at ¶¶ 19-20. Plaintiff seeks to bring his RCW 49.58.110 claim on a classwide basis encompassing the applicants for every job posting of Defendants in Washington that did not include a wage scale or salary range.  *Id.* at ¶ 22.

Plaintiff failed to allege that he applied in good faith and with a genuine interest in employment with Defendants.  Nor did he allege that he had the requisite experience, skills, and qualifications for the position for which he applied.  Plaintiff's attachment does not include the title of the position for which he applied.  *See id,* Ex. 1.  Nor does Plaintiff submit any proof that he applied to the position he attached, though such proof would have been readily available to him.

DEFENDANTS DOORDASH, INC.,
DOORDASH ESSENTIALS, LLC, and
DOORDASH G&C, LLC's COMBINED
MOTIONS TO DISMISS AND STRIKE - 3
Case No. 2:23-cv-01740-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

**B.      Washington Equal Pay and Opportunities Act.**

The EPOA, which was originally enacted in 2018 to update the existing Washington Equal Pay Act, aims to close the "gap in wages and advancement opportunities among workers in Washington, especially women."  RCW 49.58.005(1).  Washington's legislature "intend[ed]" to "address income disparities" and "to reflect equal status of all workers in Washington."  RCW 49.58.005(4).

Subsequently, in 2019, the Washington legislature amended the EPOA to require Washington employers to disclose wage scales upon the request of an employee or an applicant who has been offered a position.  Later, in 2022, the Washington legislature again amended the EPOA.  The Washington legislature's 2022 amendment required covered Washington employers to disclose wage scales in job postings.  *See* RCW 49.58.110.  According to the EPOA's legislative history, this requirement was designed to facilitate a "discussion" about compensation "at the start of the process instead of after an offer has been made" and to prevent "candidates [from] spend[ing] hours going through rounds of interviews [without wage information]."  Dkt. 1-1, ¶ 3 (quoting H.B. Rep. ESSB 5761, at 2-3 (Wash. 2022)).

The Washington State Department of Labor and Industries ("L&I"), which is the state agency charged with enforcing and interpreting the EPOA, *see* RCW 49.58.010 and RCW 49.58.090, has provided guidance regarding the interpretation and application of the EPOA.  In December of 2022, L&I issued Publication F700-225-000 containing updates about the EPOA's new job posting requirements.  *See https://www.lni.wa.gov/forms-publications/F700-225-000.pdf*, Pankratz Decl., ¶ 2, Ex. A.  Publication F700-225-000 explained that RCW 49.58.110, which contained the EPOA's new job posting requirements, "applies to Washington based employees and applicants."  *Id.* at 1.  In its previously released Administrative Policy Number ES.E.1, L&I

DEFENDANTS DOORDASH, INC.,
DOORDASH ESSENTIALS, LLC, and
DOORDASH G&C, LLC's COMBINED
MOTIONS TO DISMISS AND STRIKE - 4
Case No. 2:23-cv-01740-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1   explained that "[a] person is only considered an "applicant" for the specific posting(s) they applied

2   for, not for every available job of the employer."   *See* *https://www.lni.wa.gov/workers-*

3   *rights/_docs/ese1.pdf*, Pankratz Decl., ¶ 3, Ex. B, at 9.  In February of 2023, L&I issued F700-200-

4   000, which explained that "L&I will investigate complaints filed by applicants who have applied

5   to a job in good faith with the intent of gaining employment."   *See* *https://lni.wa.gov/forms-*

6   *publications/F700-200-000.pdf*, Pankratz Decl., ¶ 4, Ex. C, at 1.

7   **III.   LEGAL STANDARD FOR MOTION TO DISMISS**

8        Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss claims for "failure to state a claim

9   upon which relief can be granted."  In evaluating a complaint that is challenged under Rule

10  (12)(b)(6), the Court must accept the allegations as true and construe the facts pled in the light

11  most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  The

12  Court may not, however, "supply essential elements" of Plaintiff's claim. *Ivey v. Bd. Of Regents*

13  *of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  To survive a motion to dismiss, a complaint

14  must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

15  on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atlantic v. Twombly*, 550

16  U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by

17  mere conclusory statements do not suffice." *Ashcroft*, 556 U.S. at 678.

18       While the Court must accept all well-pleaded facts as true, it need not "accept as true

19  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

20  inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Nor is the

21  Court required to accept legal conclusions cased in the form of factual allegations if those

22  conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness Network*,

23  18 F.3d 752, 754-755 (9th Cir. 1994).

24  DEFENDANTS DOORDASH, INC.,                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    DOORDASH ESSENTIALS, LLC, and                 1201 Third Avenue, Suite 5150 | Seattle, WA 98101
25  DOORDASH G&C, LLC's COMBINED                   Phone: 206-693-7057 | Fax: 206-693-7058
    MOTIONS TO DISMISS AND STRIKE - 5
26  Case No. 2:23-cv-01740-BJR

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may "consider certain materials – such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *Hanson v. MGM Resorts Int'l,* 2017 U.S. Dist. LEXIS 113690, \*4-5 (W.D. Wash. July 20, 2017).

As discussed herein, the EPOA's job posting requirements set forth in RCW 49.58.110 apply to residents of Washington who have applied for a job in good faith with the intent of gaining employment. Since Plaintiff failed to allege that he applied to the position at issue in good faith and with the intent of gaining employment, and because the job posting for which Plaintiff actually applied complied with RCW 49.58.110, Plaintiff has failed to state a plausible claim for relief that cannot be fixed by amendment. Therefore, the Complaint should be dismissed without leave to amend.

## IV.   ARGUMENT FOR MOTION TO DISMISS

### A.   Plaintiff failed to allege that he applied for a position with Defendants in good faith and with the intent of gaining employment.

The term "applicant" is undefined in the EPOA. If the plain language is ambiguous, a court may "resort to aids of statutory construction and legislative history." *Univ. Ins., LLC v. Allstate Ins. Co*., 564 F. Supp. 3d 934, 939–40 (W.D. Wash. 2021) (quotation omitted). An administrative agency's interpretations of statutory text "are entitled to deference under Washington law and will be upheld if they are a plausible construction of the statute or rule." *Huntley v. Bonner's, Inc.*, 2003 U.S. Dist. LEXIS 26643, \*12 n.4 (W.D. Wash. Aug. 14, 2003) (quotation omitted).

The Washington legislature intended for RCW 49.58.119 to protect applicants who applied for positions in good faith and with the intent of gaining employment, particularly those applicants

DEFENDANTS DOORDASH, INC.,
DOORDASH ESSENTIALS, LLC, and
DOORDASH G&C, LLC's COMBINED
MOTIONS TO DISMISS AND STRIKE - 6
Case No. 2:23-cv-01740-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

who were or imminently would be engaged in wage or salary discussions and interviews with employers.  *See, e.g.,* H.B. Rep. ESSB 5761, at 2 (noting disclosure would allow for pay discussions at the outset), https://lawfilesext.leg.wa.gov/biennium/2021-22/Pdf/Bill%20Reports/House/5761-S.E%20HBR%20APH%2022.pdf?q=20231117063612, Pankratz Decl., ¶ 5, Ex. D. In Publication F700-200-000, L&I confirmed this good faith requirement explaining that "L&I will investigate complaints filed by applicants who have applied to a job in good faith with the intent of gaining employment."  Pankratz Decl., ¶ 4, Ex. C, at 1.

Plaintiff claims he applied in response to a non-compliant job posting.  Dkt. 1-1, ¶ 18. However, Plaintiff made no allegation that he applied for that position with Defendants in good faith with the intent of gaining employment.  *See generally id.*  Furthermore, Defendants' business records reflect that Plaintiff applied to a *different* position from the one he attached in his Complaint.  *See* Cronin Decl., ¶ 3, Ex. 1.  The job posting for the position for which Plaintiff applied was compliant with applicable Washington law.  *See id.* at 4 (listing applicable salary ranges for the position for which Plaintiff applied).  Since Plaintiff failed to allege he applied to any position with Defendants in good faith, he is not an "applicant" under the meaning of the EPOA, and therefore has no standing to bring his Complaint.  Further, because the job posting at issue complied with RCW 49.58.110, Plaintiff cannot cure the deficiencies in his Complaint, and the First Cause of Action should be dismissed without leave to amend.

### B.  Plaintiff Cannot Obtain Injunctive and Declaratory Relief.

After dismissal of the RCW 49.58.110 claim, the Court should dismiss Plaintiff's Second Cause of Action for injunctive relief.  Such "relief is a remedy and not a cause of action."  *Blake v. United States Bank Nat'l Ass'n*, 2013 U.S. Dist. LEXIS 169268, *7 (W.D. Wash. Nov. 27, 2013).

DEFENDANTS DOORDASH, INC.,
DOORDASH ESSENTIALS, LLC, and
DOORDASH G&C, LLC's COMBINED
MOTIONS TO DISMISS AND STRIKE - 7
Case No. 2:23-cv-01740-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

Plaintiff's Third Cause of Action for a declaratory judgment should also be dismissed. Neither RCW 49.58.060 nor RCW 49.58.070 identify declaratory relief as a remedy. Even if Plaintiff is relying upon the Declaratory Judgment Act, Chapter 7.24 RCW, it "creates only a remedy, not a cause of action." *Bisson v. Bank of Am., N.A.*, 919 F.Supp.2d 1130, 1139 (W.D. Wash. 2013). "[T]he [C]ourt cannot grant declaratory relief in the absence of a substantive cause of action." *Id.* at 1139 (dismissing declaratory relief claim). Thus, there is no claim for declaratory relief.

## V.   ARGUMENT FOR MOTION TO STRIKE

### A.   Legal Standard.

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A court may strike class allegations where the plaintiff cannot make a prima facie showing of Rule 23's requirements or where discovery is unlikely to result in information supporting the class allegation. *Doninger v. Pac. Nw. Bell, Inc*., 564 F.2d 1304, 1313 (9th Cir. 1977)). Fed. R. Civ. P. 23(a) requires a plaintiff seeking to bring a class certification to meet four requirements – numerosity, commonality, typicality, and adequacy of representation. In addition, a plaintiff must meet one of the requirements of Fed.R.Civ.P. 23(b). *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

As discussed herein, in the very least, Plaintiff cannot demonstrate typicality (Fed. R. Civ. P. 23(a)(3)) and predominance (Fed. R. Civ. P. 23(b)(3)) for similar reasons. That is, Plaintiff and the putative class members that he purports to represent are subject to unique and individualized defenses, such as, but not limited to, whether each of them applied for a job with Defendants in good faith and with the intent to gain employment. The fact that Plaintiff cannot satisfy these

DEFENDANTS DOORDASH, INC.,
DOORDASH ESSENTIALS, LLC, and
DOORDASH G&C, LLC's COMBINED
MOTIONS TO DISMISS AND STRIKE - 8
Case No. 2:23-cv-01740-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

requirements can be determined based on no more than a review of Plaintiff's Complaint. Put differently, no discovery is necessary to make these determinations, and the class allegations should be stricken, or in the very least, limited to the position for which Plaintiff applied at this early stage. *See, e.g., Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 208 F.R.D. 625, 633, 634 (W.D. Wash. 2002) (striking class allegations where little to no discovery took place); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1139 (N.D. Cal. 2010) (same).

**B.    The Job Postings for which Plaintiff and the Putative Class Members Applied are Different and Their Claims under RCW 49.58.110 are Subject to Individualized Defenses.**

Plaintiff's RCW 49.58.110 claim is atypical of the claims of the putative class members that he seeks to represent. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation omitted). "[R]epresentative claims are 'typical' if they are reasonably coextensive with those of absent class members […]." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Here, there is an absence of typicality because Plaintiff seeks to represent a class of applicants who applied for positions with Defendants that are different than the one for which he applied. Dkt. 1-1, ¶ 22.

In addition, predominance is lacking because individualized questions, instead of common ones, predominate. "The Rule 23(b)(3) predominance inquiry asks the court to make a global determination of whether common questions prevail over individualized ones." *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1134 (9th Cir. 2016). Here, according to F700-200-000 issued by L&I, the potential for liability to applicants under RCW 49.58.110 is limited to those "who have applied to a job in good faith with the intent of gaining employment." Pankratz Decl., ¶ 4, Ex. C,

DEFENDANTS DOORDASH, INC.,
DOORDASH ESSENTIALS, LLC, and
DOORDASH G&C, LLC's COMBINED
MOTIONS TO DISMISS AND STRIKE - 9
Case No. 2:23-cv-01740-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

at 1.  The good faith element of RCW 49.58.110 must be determined on a case-by-case basis resulting in a number of individualized questions, such as, but not limited to, whether the applicant is qualified for the position, whether the applicant is genuinely interested in the role, and whether the applicant intends to gain employment.  The different answers of applicants to these questions will give rise to individualized defenses of Defendants to the RCW 49.58.110 claims of Plaintiff and the putative class members.

Accordingly, Plaintiff's inability to demonstrate at least two requirements of Fed. R. Civ. P. 23, typicality and predominance, is apparent from the face of the Complaint, and his class action allegations should be stricken.

Even if the Court determines it would be premature to strike Plaintiff's class allegations at the pleading stage, it should still limit them.  Contrary to Plaintiff's overly-broad Class Definition encompassing every job posting of Defendants in Washington that did not include a wage scale or salary range, RCW 49.58.110 itself limits liability to the specific job posting at issue, and not all of them.  Further to this point, in Administrative Policy Number ES.E.1, L&I explained that "[a] person is only considered an "applicant" for the specific posting(s) they applied for, not for every available job of the employer."  Pankratz Decl., ¶ 3, Ex. B, at 9.

In other words, if an applicant is authorized to bring a civil action for a claim under RCW 49.58.110, then they would be authorized to do so only as to the specific job posting for which they applied.  Because Plaintiff did not apply for every job posting of Defendants encompassed by his overly-broad Class Definition, he is not an applicant for them, and thus, he has no standing to pursue a civil action as it relates to those job postings for which he did not apply.  Therefore, in the very least, Plaintiff's Class Definition should be limited to the specific job posting for which he applied.

DEFENDANTS DOORDASH, INC.,
DOORDASH ESSENTIALS, LLC, and
DOORDASH G&C, LLC's COMBINED
MOTIONS TO DISMISS AND STRIKE - 10
Case No. 2:23-cv-01740-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

## VI.    CONCLUSION

For the reasons stated above, the Court should dismiss this lawsuit in entirety, and strike the class action allegations.

### CERTIFICATION OF ATTEMPTED CONFERRAL

Counsel for Defendants certifies that they made a good faith effort to confer with Plaintiff's counsel regarding this Motion, including sending multiple emails on November 20, 2023.  Given the shortened time between removal, judicial assignment, deadline for filing the response to the Complaint, and final decision to pursue a dispositive motion, counsel were unable to connect. However, based on an email from Plaintiff's counsel in the evening of November 20, 2023, Defendants' counsel believes the parties can confer on November 21, 2023 or November 22, 2023 and will provide an updated Certification.

Respectfully submitted this 20th day of November, 2023.

I certify that this memorandum contains 3,009 words, in compliance with the Local Civil Rules.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Adam T. Pankratz*
    Adam T. Pankratz, WSBA #50951
    1201 Third Avenue, Suite 5150
    Seattle, WA  98101
    Telephone: (206) 693-7057
    Facsimile: (206) 693-7058
    Email: adam.pankratz@ogletree.com

DEFENDANTS DOORDASH, INC., DOORDASH ESSENTIALS, LLC, and DOORDASH G&C, LLC's COMBINED MOTIONS TO DISMISS AND STRIKE - 11
Case No. 2:23-cv-01740-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Mathew A. Parker*
    Mathew A. Parker, OSBA #0093231
    (appearing *pro hac vice*)
    The KeyBank Building
    88 East Broad Street, Suite 2025
    Columbus, OH  43215
    Telephone:  (614) 494-0420
    Facsimile:  (614) 633-1455
    Email:  mathew.parker@ogletree.com

*Attorneys for Defendants DoorDash, Inc.; DoorDash Essentials, LLC; and DoorDash G&C, LLC*

DEFENDANTS DOORDASH, INC.,
DOORDASH ESSENTIALS, LLC, and
DOORDASH G&C, LLC's COMBINED
MOTIONS TO DISMISS AND STRIKE - 12
Case No. 2:23-cv-01740-BJR

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on November 20, 2023, I served the foregoing DEFENDANTS

3 DOORDASH, INC., DOORDASH ESSENTIALS, LLC, AND DOORDASH G&C, LLC'S

4 COMBINED MOTIONS TO DISMISS PURSUANT TO FRCP RULE 12(b)(6) and MOTION

5 TO STRIKE PURSANT TO FRCP RULE 12(f) via the method(s) below to the following parties:

6 Timothy W. Emery, WSBA #34078
Patrick B. Reddy, WSBA #34092
7 Paul Cipriani Jr., WSBA #59991
EMERY | REDDY PLLC
8 600 Stewart Street, Suite 1100
Seattle, WA  98101-1269
9 Telephone:  (206) 442-9106
Facsimile:  (206) 441-9711
10 Email:    emeryt@emeryreddy.com
           reddyp@emeryreddy.com
11           paul@emeryreddy.com

12 *Attorneys for Plaintiff Jacob Atkinson*

13 ☒      by **electronic** means through the Court's Case Management/Electronic Case File system,
which will send automatic notification of filing to each person listed above.
14

15 ☐      by **mailing** a true and correct copy to the last known address of each person listed above.  It
was contained in a sealed envelope, with postage paid, addressed as stated above, and
deposited with the U.S. Postal Service in Seattle, Washington.
16

17 ☐      by **e-mailing** a true and correct copy to the last known email address of each person listed
above.

18 SIGNED THIS 20th day of November, 2023 at Seattle, Washington.

19
                                    OGLETREE, DEAKINS, NASH, SMOAK
20                                   & STEWART, P.C.

                                    By: */s/ Cheryl L. Kelley*
21                                       Cheryl L. Kelley, Practice Assistant
                                         cheryl.kelley@ogletree.com
22

23

24 DEFENDANTS DOORDASH, INC.,              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
DOORDASH ESSENTIALS, LLC, and            1201 Third Avenue, Suite 5150 | Seattle, WA 98101
25 DOORDASH G&C, LLC's COMBINED                Phone: 206-693-7057 | Fax: 206-693-7058
MOTIONS TO DISMISS AND STRIKE - 13
Case No. 2:23-cv-01740-BJR
26