The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALEXANDER FLOYD,

    Plaintiff,

v.

DOORDASH, INC., *et al.*,

    Defendants.

NO. 23-cv-1740-BJR

**ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE**

## I. INTRODUCTION

The Equal Pay and Opportunities Act ("EPOA"), RCW 49.58, promotes pay equity in Washington State by addressing business practices that contribute to income disparities. On January 1, 2023, a revised provision took effect, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position. RCW 49.58.110.[1] Employees and job applicants are entitled to remedies for violations of this provision, which may include statutory damages. *Id.* Within a few months, a few plaintiffs, represented by Emery Reddy, PLLC, filed multiple putative class-action lawsuits against

---

[1] A detailed statutory background may be found in this Court's decisions in related cases. *See, e.g.*, *Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024 WL 2133370, at *1-2 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-BJR, 2024 WL 2133358, at *1-2 (W.D. Wash. May 10, 2024).

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

- 1

1  various companies who had job postings that are alleged to be non-compliant with the EPOA job-
2  posting provision. This case is one of 27 lawsuits with virtually identical complaints filed in King
3  County Superior Court and subsequently removed to this Court by the defendants. This case was
4  removed to this Court on November 13, 2023, and Defendant, DoorDash, Inc. ("DoorDash"), filed
5  a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). Mot., ECF No.
6  9. Having reviewed the materials[2] and the relevant legal authorities, the Court will remand this case
7  to King County Superior Court pursuant to 28 U.S.C. § 1447(c) and deny the motion to dismiss as
8  moot. The reasoning for the Court's decision follows.

## II.   BACKGROUND

On August 7, 2023, Alexander Floyd applied through LinkedIn for a job opening with DoorDash. Compl. ¶¶ 8, 18; Ex. 1, ECF No. 1-1. He alleges that the job posting did not disclose the wage scale or salary range. *Id.* ¶¶ 17-18, 31. Mr. Floyd filed suit against DoorDash in the King County Superior Court on October 10, 2023. *Id.* at 9. He claims to represent more than 40 potential class members who also applied for jobs with DoorDash for positions that did not disclose the wage scale or salary range. *Id.* ¶ 17. Mr. Floyd asserts three causes of action: (1) Violation of RCW 49.58.110; (2) Injunctive Relief; and (3) Declaratory Relief." Compl. ¶¶ 30-39. He seeks statutory damages, costs, and reasonable attorneys' fees pursuant to RCW 49.58.070(1). *Id.* at 8.

DoorDash removed the case to this Court on November 13, 2023, on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). Notice of Removal, ECF No. 1. DoorDash filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and motion to strike pursuant to Rule 12(f), arguing that Mr. Floyd fails to plead a plausible claim primarily because he does not allege

---

[2] Including the motion, ECF No. 9; response in opposition, ECF No. 20; and reply, ECF No. 22; together with multiple exhibits as well as related motions and responses.

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE
- 2

that he applied for the posted position in good faith with the intent to gain employment. Mot. 2, ECF No. 9. DoorDash also asserts that the job Mr. Floyd applied for had the requisite compensation information in its posting and argues that Mr. Floyd's class action allegations should be stricken as too broad. *Id.* at 2-3. Although only raised in its reply brief, DoorDash contends that Mr. Floyd lacks standing and has no statutory right to bring a civil action. Reply 7.[3]

### III.   DISCUSSION

In his response to DoorDash's motion, Mr. Floyd noted that "standing was conferred the moment Defendant violated Mr. Floyd's right to receive statutorily required information." Opp'n 6 n.3 (citing cases).  DoorDash then argued that Mr. Floyd failed to allege an injury in fact because he merely submitted an application, was not interviewed or offered a job, and as such, the alleged harm is merely speculative. Reply 7. The parties raise the issue of standing in passing, and neither party's argument is developed further. However, whether Plaintiffs have Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional). Even in a class action, "standing is the threshold issue . . . . If the individual plaintiff lacks standing, the court need never reach the class action issue." *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003).

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the

---

[3] The Court notes that while it need not consider arguments first raised in a reply brief, there are exceptions to this rule. *See Kroeber v. GEICO Ins. Co.*, C14-726RSL, 2015 WL 11669649, at *2 (W.D. Wash. Mar. 31, 2015).  One such exception is when new arguments are raised by the opposing party's response memoranda. *Id.* (citing *Rockwell v. Chase Bank USA, N.A.*, 2012 WL 4846177, at *1 n. 2 (W.D. Wash. Oct. 11, 2012)). Here, Mr. Floyd's response raised the issue of standing. Opp'n 6 n.3. Regardless, "[f]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011). Although Mr. Floyd has not moved to remand this case, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

- 3

1  defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v.*

2  *Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61

3  (1992)). "The party invoking federal jurisdiction bears the burden of establishing these elements."

4  *Lujan*, 504 U.S. at 561. Further, "each element must be supported in the same way as any other

5  matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence

6  required at the successive stages of the litigation." *Id.*

7        At issue here is the "[f]irst and foremost" of standing's three requirements—"a harm

8  suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical."

9  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citations omitted). DoorDash

10  argues that Mr. Floyd fails to plead facts supporting an injury, and he does not have standing simply

11  because the statute at issue "purports to authorize [him] to sue to vindicate [a] right." Reply 7

12  (quoting *Spokeo I*, 578 U.S. at 341).

13        This Court recently considered whether the specific statutory violation alleged in this case

14  actually harms, or presents a material risk of harm, to a plaintiff's concrete interests when the

15  plaintiff has not alleged that he applied for the posted position in good faith with a genuine interest

16  in employment with the employer. *See Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024

17  WL 2133370, at *5-8 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-

18  BJR, 2024 WL 2133358, at *6-9 (W.D. Wash. May 10, 2024). The Court concluded that a violation

19  of the statutory provision at issue here—a job posting with no compensation information

20  included—is a technical or procedural violation that by itself does not manifest concrete injury but

21  requires a bona fide applicant before there is a risk of harm. Plaintiffs must allege, at minimum,

22  that they applied for the job with good-faith intent, and as such became personally exposed to the

23  risk of harm caused by the violation.

24  ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE

25  - 4

1  Mr. Floyd, perhaps recognizing that the allegations in his complaint are deficient, provided
2  a declaration with his response in opposition to the motion. Opp'n 8 (citing Floyd Decl., ECF No.
3  21). In his declaration, he included details of his job search, and a statement that he "applied to
4  work for Defendants in good faith and remain[s] prepared to accept the position should Defendants
5  extend an offer that meets [his] salary and benefits requirements." Floyd Decl. ¶¶ 6-12, 15. For his
6  case to survive at the dismissal stage, Mr. Floyd need only allege facts, accepted as true, that give
7  rise to a reasonable inference that he suffered an injury sufficiently concrete for the purposes of
8  Article III. *See Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1118 (9th Cir. 2017). Mr. Floyd's
9  conclusory allegations in his complaint are insufficient. *See Sprewell v. Golden State Warriors*, 266
10 F.3d 979, 988, *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) ("Nor is the
11 court required to accept as true allegations that are merely conclusory. . . ."). Although Mr. Floyd's
12 declaration shows that he may be capable of amending his complaint to support standing, the Court
13 does not consider his declaration as part of his pleading. *See Broam v. Bogan*, 320 F.3d 1023, 1026
14 n.2 (9th Cir. 2003) (considering additional facts raised in plaintiff's opposition papers only for
15 purposes of determining whether to grant leave to amend); Fed. R. Civ. P. 7. Because Plaintiff's
16 lack of Article III standing implicates the Court's subject matter jurisdiction, *see Warth*, 422 U.S.
17 at 498, this case will be remanded to King County Superior Court pursuant to 28 U.S.C. § 1447(c).
18  By its motion, DoorDash seeks dismissal under Rule 12(b)(6), arguing that Mr. Floyd has
19 failed to allege the necessary elements to state a claim for the violation of RCW 49.58.110, and also
20 seeks to strike Mr. Floyd's class allegations under Rule 12(f). Because Mr. Floyd lacks standing,

ORDER DENYING AS MOOT MOTION TO DISMISS AND REMANDING CASE
- 5

this Court does not have subject matter jurisdiction to address the parties' additional arguments.[4] Accordingly, DoorDash's motion under Rules 12(b)(6) and 12(f) is DENIED AS MOOT.

## IV.   CONCLUSION

For the foregoing reasons,

1. Defendants' Motion to Dismiss, ECF No. 9, is DENIED AS MOOT; and

2. This case is remanded to King County Superior Court.

DATED this 22nd day of May, 2024.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[4] The Court also notes that "District courts in the Ninth Circuit commonly resolve dispositive motions before turning to class certification." *Pattison v. Omnitrition Int'l, Inc.*, C17-1454JLR, 2018 WL 1474426, at *2 (W.D. Wash. Mar. 23, 2018).